UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PERRY NATHANIEL GUMBS,
    A 035-185-583,

                      Petitioner,

                                         **DECISION AND ORDER**
                                                 09-CV-506A

        v.

MARTIN HERON,

                      Respondent.

---

## INTRODUCTION

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 28, 2009, challenging his continued detention pursuant to a final order of removal to St. Kitts-Nevis. Petitioner maintains that he has been told since his detention began on October 7, 2007 that a travel document from the Consulate of St. Kitts-Nevis is forthcoming. The Government responds that a travel document indeed is forthcoming and that there is no reason to believe otherwise at this time. Because of the length of petitioner's detention and because of the indefinite nature of the Government's timetable for issuance of a travel document, the Court will grant the petition conditionally and issue a writ of habeas corpus if petitioner's removal does not conclude within 60 days.

## BACKGROUND

This case concerns petitioner's continued detention at the Buffalo Federal Detention Center in Batavia, New York. Petitioner is a native of St. Kitts-Nevis who immigrated to the United States on or about July 27, 1976 at age 12. In 1985, petitioner joined the Army Reserve and spent over seven years as a heavy wheel vehicle mechanic. In November 1992, a few months after his time in the Army Reserve ended, petitioner applied for naturalized citizenship.

In 1996, petitioner was convicted in the United States District Court for the Southern District of New York of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846. In or around April 1997, the Government commenced removal proceedings against petitioner. Petitioner was charged with being subject to removal, both as an alien convicted of a controlled substance offense pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), and as an aggravated felon pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). On March 10, 1999, an immigration judge ordered petitioner removed to St. Kitts-Nevis. Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"). In March 2001, the BIA remanded petitioner's case to the immigration court for further proceedings.

In October 2004, petitioner was convicted in New York State Supreme Court, Orange County, of second-degree criminal possession of a controlled substance, in violation of New York Penal Law § 220.18. Petitioner was

2

sentenced to a term of imprisonment of eight years to life. Petitioner's state conviction prompted the filing of additional deportation charges in May 2005. In July 2005, an immigration judge ordered petitioner removed to St. Kitts-Nevis. Petitioner's appeal of this order to the BIA was dismissed in October 2005.

Over the next several years, petitioner commenced numerous administrative or judicial proceedings to challenge either the Government's order of removal or its May 2007 denial of his naturalization application. The Government's answer in opposition to the pending petition summarizes these proceedings in more detail.

Meanwhile, petitioner was received into immigration custody on October 5, 2007, upon his release from the custody of the New York State Department of Correctional Services. Petitioner has been held at the Buffalo Federal Detention Center continuously since. On February 8, 2008, the Government sent a presentation packet to the Consulate of St. Kitts-Nevis in Washington, D.C. to obtain a travel document for petitioner's removal. According to petitioner's immigration file, the Consulate of St. Kitts-Nevis stated as early as September 16, 2008 that a travel document was pending. Petitioner's immigration file includes a record of multiple subsequent communications repeating the same statement. In opposing the pending petition, the Government asserts that it has removed aliens to St. Kitts-Nevis on a regular basis, that the Consulate of St. Kitts-Nevis generally "takes a number of months" to complete its investigation before issuing

a travel document, and that there has been no indication that a travel document will not be issued here.

**DISCUSSION**

As a preliminary matter, the Court notes that it lacks jurisdiction to review petitioner's final order of removal in itself. *See* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . ."). Petitioner was ordered removed to St. Kitts-Nevis in July 2005. This final order of removal, subsequently affirmed through multiple motions to reopen removal proceedings, rests on petitioner's two criminal convictions. Through his 1996 federal conviction for conspiracy to possess cocaine with intent to distribute, and his 2004 state conviction for criminal possession of a controlled substance in the second degree, the Government has determined that petitioner is removable under 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1227(a)(2)(B)(i). The Court's lack of jurisdiction means that it will not review the substance of this determination. Review of the pending petition thus will be limited to a review of petitioner's custody pending final removal.

Petitioner's detention so far has been governed by 8 U.S.C. § 1231. Under that statute, petitioner's 90-day removal period began on October 5, 2007, when he was taken into immigration custody upon release from state custody. *See* 8

U.S.C. § 1231(a)(1)(B)(iii). Once the 90-day removal period ended, the Government had two options regarding petitioner's future status. Because petitioner was ordered removed under 8 U.S.C. § 1227(a)(2), the Government had authority to detain him beyond the removal period. *See* 8 U.S.C. § 1231(a)(6) ("An alien ordered removed who is . . . removable under section 1227(a)(1)(C) [or] 1227(a)(2) . . . may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)."). Alternatively, the Government had authority to grant petitioner release under conditions established by 8 U.S.C. § 1231(a)(3) and corresponding regulations. Here, the Government chose the former option and has detained petitioner continuously since October 5, 2007.

In theory, petitioner's detention does not violate the plain language of the statute that authorized it. The plain language, however, does not end the Court's analysis, because it theoretically authorizes indefinite detention. To avoid constitutional invalidation, "we read an implicit limitation into the statute before us. In our view, the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Here, the Government has stated that the Consulate of St. Kitts-Nevis typically needs several months to complete the investigation needed to issue a travel document. When the time for

investigation—apparently now at 19 months and counting from the date of delivery of the presentation packet—exceeded the Government's estimate, the Government should have realized the uncertainty of the timetable for petitioner's removal. At that point, release under conditions of supervision would have been prudent until petitioner's ultimate removal could be seen on the horizon and thus could be considered reasonably foreseeable. Instead, the Government continued to detain petitioner on the implied basis that the longer the detention lasted, the more imminent the issuance of the travel document would become. In fact, the Government's most recent Decision to Continue Detention, dated June 17, 2009, states this logic somewhat explicitly, stating that "ICE expects that a travel document will be issued for you and that your removal will occur in the reasonably foreseeable future. Therefore, you are to remain in ICE custody at this time." (Dkt. No. 6-3 at 1.) In opposing the pending petition, the Government relies on this logic even more explicitly. The Government argues now that petitioner's final removal is reasonably foreseeable because "[w]hile no travel document for Gumbs's removal to St. Kitts-Nevis has been received by DHS as of the present time, there has been no indication that a travel document will not be issued for St. Kitts-Nevis." (Dkt. No. 6-2 ¶ 42.) As a result, the Government essentially is arguing that petitioner can remain detained indefinitely, so long as the Consulate of St. Kitts-Nevis continues to promise that a travel document will issue at some point.

The Government's argument for indefinite detention based on an indefinite timetable for an eventual travel document is unacceptable under *Zadvydas*. The Government continues to use this argument to keep petitioner detained even though petitioner is no closer to removal now than he was in February 2008, when the Government delivered its presentation packet. Considering that the investigation in question has taken far longer than the Government estimated, that the communications from the Consulate of St. Kitts-Nevis have not changed in over a year, and that there is no way to know when the investigation will end, it has become apparent that Government simply has no idea whether and when a travel document will issue in this case. In fact, the Government's argument is identical to arguments rejected previously as insufficient justification for indefinite detention. *See Azad v. Interim Dist. Director, N.Y. Immigration & Customs Enforcement*, No. 09 Civ. 2451, 2009 WL 2569132, at *3 (S.D.N.Y. Aug. 19, 2009) ("[T]he negative statement that the consulate has not given ICE any reason to believe that a travel document *will not* issue is not equivalent to a statement that the consulate has given ICE reason to believe that a travel document *will issue*."); *cf. Singh v. Mule*, No. 07-CV-6387, 2009 WL 204618, at *6 (W.D.N.Y. Jan. 27, 2009) (Siragusa, J.) ("Furthermore, DHS/ICE, in conducting their detention reviews of Singh, based their decision to continue holding him in custody *solely* on their hopeful 'expectation' that a travel document would be issued by India in the reasonably foreseeable future."). The Court likewise rejects

that argument here. The Court recognizes that consulate offices from nations willing to issue travel documents need time to prepare those documents, and that those offices have the right to set any timetables that they wish. That is not the issue here. The issue here is that, under *Zadvydas*, the Government cannot exploit another nation's timetables to justify an indefinite detention. At some point in every detention case, under the Supreme Court's interpretation of the immigration detention statute, a line must be drawn. Either a travel document for petitioner indeed is forthcoming soon, or the indefinite timetable submitted by the Government will have to run its course under conditions of supervised release.

## CONCLUSION

For all of the foregoing reasons, the Court hereby grants the pending petition conditionally. If the Government does not file an executed Warrant of Removal / Deportation within 60 days of entry of this Order then a writ of habeas corpus shall issue at that time, directing petitioner's immediate release under conditions of supervision pursuant to 8 U.S.C. § 1231(a)(3) and corresponding regulations.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: September 11, 2009